UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DONNA BULRIS,

                      Plaintiff,

    -v.-

                                          1:10-CV-922

LARRY KUDRLE[1],                            (TJM/ATB)

                      Defendant.

APPEARANCES:

DONNA BULRIS
Plaintiff *pro se*
840 Albany Shaker Road
Albany, New York 12211

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the court for review a complaint, together with an application to proceed *in forma pauperis* filed by plaintiff, Donna Bulris. (Dkt. Nos. 1, 2). Plaintiff has also filed a motion to correct defendant's address, a motion for appointment of counsel, and a motion that is written on a form for discovery disputes. (Dkt. Nos. 3, 6, 7).

**I.**    *In Forma Pauperis* **(IFP) Application**

A review of plaintiff's IFP application shows that she declares she is unable to pay the filing fee. (Dkt. No. 2). The form indicates that plaintiff is incarcerated and does not appear to have ***any*** income at all. *Id.* Thus, for purposes of this Order, the

---

[1] Defendant's name is misspelled in plaintiff's complaint. Plaintiff filed a motion to correct defendant's name. (Dkt. No. 6). This court grants the motion and substitutes the corrected name in the caption of this order. (Dkt. No. 6).

Court finds that plaintiff meets the economic criteria for proceeding without the payment of fees.

In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a pro se complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain

sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The Court will now turn to a consideration of the plaintiff's complaint under the above standards.

## II. Complaint

### A. Civil Rights Action

In a complaint that appears to have been written by two different individuals, plaintiff essentially claims that defendant Attorney Larry Kudrle "went along with foster parents," which resulted in plaintiff being deprived of her child. (Compl. at 2[2]; Dkt. No. 1). Plaintiff lists twenty-two causes of action. (Compl. at 3-9). These "causes of action" range from "state created danger" to "cover-up or cover-ups prisoners' access to courts also records" and violation of the contracts clause.[3] *Id.* Plaintiff seeks five million dollars in damages and custody of her minor child. (Compl. at 10). Plaintiff also asks that the court expunge court orders finding that she was guilty of abuse and neglect, protect her from harassment, grant her habeas corpus relief, and assist with her release from prison. *Id.*

Plaintiff has filed this action on a form for cases brought pursuant to *Bivens v.*

---

[2] Because the complaint is very disorganized, the court will cite to the pages as assigned by the court's electronic case management system (CM/ECF).

[3] The court has read all of plaintiff's submissions together in order to get a better understanding of what she might be trying to allege against defendant Kudrle

3

*Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* established a cause of action for monetary damages resulting from the violation of a constitutional right by federal agents or employees, acting under color of federal law. *Arar v. Ashcroft*, 585 F.3d 559, 571-72 (2d Cir. 2009) (discussing history of *Bivens* actions). Plaintiff in this case appears to be challenging the actions of a state court and refers to the "defendant's actions as a state lawyer." (Dkt. No. 7).[4]

Plaintiff may have brought this action under *Bivens* because, in addition to being a private attorney, defendant is also a part-time United States Magistrate Judge. However, none of plaintiff's allegations are related in any way to the defendant's federal employment, thus, *Bivens* is an inappropriate basis for relief. Because plaintiff may not bring this action under *Bivens*, the court must determine if there is another basis for this action.[5]

Plaintiff is complaining about various alleged constitutional violations relating

---

[4] Although this submission is written on a form requesting assistance with a "discovery dispute," it is not a request for discovery, but a further request for relief. (Dkt. No. 7). Plaintiff has crossed out various parts of the form relating to discovery and states that she requests that the court "resolve the dispute and rule Defendant action [sic] are illegal, and return minor child to myself A.S.A.P." *Id.* Plaintiff has attached two documents to this form. (Dkt. No. 7 at 2, 3). The first appears to be a 2002 letter from Heidi A. St. John, Supervisor of Child Protective Services of the Saratoga County Department of Social Services. (Dkt. No. 7 at 2). Plaintiff has scribbled various words and phrases on this letter, making it impossible to decipher. The second document is a 2003 letter, addressed to plaintiff from David R. Peters, Director of the State Central Register Division of Development and Prevention Services of the New York State Office of Children and Family Services. (Dkt. No. 7 at 3). This letter appears to be a 2003 finding that a complaint of child abuse or maltreatment against plaintiff was determined to be "unfounded." *Id.* Plaintiff has written on this document, stating that this document is "unsealed and that "adverse of this information used against me also illegal . . . reason for expungment [sic]." *Id.*

[5] It is well-settled that the court must read pro se pleadings to raise the strongest arguments they suggest. *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994).

to a state court determination regarding child custody. A possible basis for relief, if any, is 42 U.S.C. § 1983. Section 1983 provides a cause of action for constitutional or statutory violations, committed by a "person" acting "under color of state law." 42 U.S.C. § 1983. A person acts under color of state law only when exercising power possessed by virtue of state law and made possible because the defendant is "clothed with the authority of state law." *Polk County v. Dodson*, 454 U.S. 312, 317-18 (1981) (quotation omitted).

It appears from reading plaintiff's papers that defendant Kudrle was appointed by the state court as a law guardian for plaintiff's minor child. The law is clear, however, that although a law guardian is appointed by the state, once he or she is appointed, he or she must exercise independent professional judgment on behalf of the client and is, therefore, ***not*** acting under color of state law for purposes of section 1983 liability. *Levine v. County of Westchester*, 828 F. Supp. 238, 244 (S.D.N.Y. 1993), *abrogated in part on other grounds by Cornejo v. Bell*, 592 F.3d 121 (2d Cir. 2010); *Neustein v. Orbach*, 732 F. Supp. 333, 345-46 (E.D.N.Y. 1990). Thus, plaintiff cannot bring a claim against defendant Kudrle in federal court pursuant to section 1983.[6] Plaintiff's complaint against defendant Kudrle must be dismissed.[7]

---

[6] Plaintiff's seventh cause of action states that the "contract or contracts" are void because they are "contrary to public policy," however, there is no explanation of what plaintiff is challenging (Compl. at 5). Plaintiff's ninth cause of action quotes the "contracts clause" from Article 1, § 10 of the Constitution, prohibiting a "state" from passing a law impairing contracts, but nowhere in the complaint is an explanation of what that conclusory allegation might mean. There is no indication of how these allegations might relate to the named defendant.

[7] In addition, if plaintiff is attempting to ask for monetary damages based on an incorrect or unconstitutional criminal conviction, her federal civil rights action is premature. In *Heck v.*

### B.   Request for Habeas Corpus Relief

The court notes that, in her relief section, plaintiff asks the court to help with her release and to return plaintiff's child to her.  To the extent that plaintiff is attempting to challenge either a Family Court decision, granting custody of plaintiff's child to plaintiff's sister or a criminal conviction of some sort, she cannot bring these challenges against this defendant, a private attorney who was assigned to represent the interests of the child in state court.

### 1.   Plaintiff's Release

Any request that the court assist in plaintiff's release from state custody would have to be made by way of a petition for habeas corpus[8] under 28 U.S.C. § 2254. Section 2254 governs habeas petitions filed by "a person in custody pursuant to the judgment of a State court on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254 (a); *Cook v. New York State Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003); *Wright v. Smith*, No. 03-CV-806, 2007 WL 2412248, at *4 n.7 (N.D.N.Y. Aug. 21, 2007) (Hurd, J. adopting Report-Recommendation of Lowe, M.J.).  The statute requires that the petitioner exhaust all available state remedies prior to filing a section 2254 petition. 28

---

*Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that when a state prisoner seeks damages in a section 1983 suit, and a judgment in plaintiff's favor would necessarily imply the invalidity of the conviction or sentence, then the complaint must be dismissed unless the plaintiff can show that the conviction or sentence has been reversed or invalidated through direct appeals or through federal habeas corpus. *Heck*, 512 U.S. at 486-87.  Plaintiff in this case states that she is currently incarcerated, thus, her conviction has not yet been overturned, and she may not bring an action for damages assuming that a proper defendant were named.

[8] The complaint requests "hab [sic] corpus relief." (Compl. at 10).

U.S.C. § 2254(b)(1). The rules governing petitions for habeas corpus require that the petition must name as respondent "the state officer who has custody" of petitioner. 28 U.S.C. fol. § 2254, Rule 2(a). Thus, plaintiff in this case may not ask for habeas relief with Attorney Kudrle as a defendant.

### 2. Child Custody

Plaintiff's request that the court return her child to her is essentially an attempt to challenge the state court order, awarding custody to plaintiff's sister. Even assuming that plaintiff brought a habeas corpus action challenging the child's "custody," the United States Supreme Court has "categorically refused to extend the writ of habeas corpus to confer jurisdiction on federal courts to consider collateral challenges to state court judgments that involuntarily terminate parental rights." *Neustein v. Orbach*, 732 F. Supp. 333, 340 (E.D.N.Y. 1990) (citing *Lehman v. Lycoming County Children's Services*, 458 U.S. 502, 511 & n.14 (1982)). *See also Middleton v. Attorneys General of States of N.Y., Pennsylvania*, 396 F.3d 207, 209-10 (2d Cir. 2005) (holding that children in the custody of foster parents are not in state custody within the meaning of 28 U.S.C. § 2254 and, accordingly, "federal courts do not have jurisdiction to review by means of a habeas application a state court's child-custody determination.") (citing *Lehman*, 458 U.S. at 510-12); *Gilmore v. Green County Dep't of Social Services*, No. 06-CV-0318, 2006 WL 1064181, at *1 (N.D.N.Y. 2006) (dismissing petition for a writ of habeas corpus brought pursuant to section 2254 where the petitioner sought to challenge a Greene County Family Court determination of permanent neglect that resulted in petitioner's parental rights being

terminated because petitioner was not "being held in custody pursuant to any such determination by the Family Court.").

This court, therefore, lacks jurisdiction to consider any challenge to a state court determination terminating plaintiff's parental rights.  As stated above, Attorney Kudrle was acting as a private attorney, representing the interests of the child in the state court proceedings, and cannot be held liable for any of the relief sought by plaintiff in this case.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion to correct defendant's address (Dkt. No. 6) is **GRANTED**, and it is

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 2) is **GRANTED**, and it is

**RECOMMENDED**, that the complaint be **DISMISSED IN ITS ENTIRETY WITH PREJUDICE** pursuant to 28 U.S.B. 1915(e)(2)(B)(i)-(ii), and it is

**ORDERED,** that plaintiff's motion for appointment of counsel (Dkt. No. 3) is **DENIED AS MOOT**, and it is

**ORDERED**, that plaintiff's motion for the court to "rule in her favor," written on a form-motion for assistance with a discovery dispute (Dkt. No. 7) is **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE**

**APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated:  August 26, 2010

                                                                   Hon. Andrew T. Baxter
                                                                   U.S. Magistrate Judge